### FOLEY v. STONE.

(*Supreme Court, Special Term, First Department.* October 15, 1888.)

1. CONTEMPT—DECEPTION—WORTHLESS SURETIES—ORDER OF ARREST.
   Plaintiff, her attorney, and sureties on an undertaking for the arrest of defendant, are guilty of contempt where they have imposed upon the court in procuring the acceptance of the undertaking with worthless sureties.

2. SAME—PENALTY.
   The order of arrest having been set aside and judgment recovered on the undertaking, the parties in contempt will be punished by an order requiring them to pay the amount of the judgment or be imprisoned.

Emma Foley brought action against Alfred G. Stone for an assault, and procured his arrest upon giving an undertaking in the usual form, with Charles E. Bergeman and William H. Ottman as sureties. The order of arrest was afterwards vacated, and the summons set aside, and Stone, in an action for false arrest, recovered judgment against Miss Foley and her sureties for $565.04. The sureties being insolvent, he now moves in the original action for an order punishing the plaintiff, her attorney, W. Duryee Hughes, and the sureties for contempt in procuring the order of arrest upon the giving of an undertaking with worthless sureties.

*E. P. Wilder*, for the motion. *W. Duryee Hughes*, opposed.

O'BRIEN, J. Upon this motion to punish plaintiff, her attorney, and sureties for contempt in procuring and offering irresponsible sureties upon an undertaking on arrest, on the merits it should be granted. There can be no doubt from a perusal of the papers that both the court and the defendant have been imposed upon by plaintiff and her attorney in having procured the arrest of the defendant by offering an undertaking with worthless sureties. In view of the language of the learned judges in *Eagan* v. *Lynch*, 3 Civil Proc. R. 237, and in *Stephenson* v. *Hanson*, 6 Civil Proc. R. 45, no comments by me as to the disfavor with which the court will always regard an attempt to deceive it, are necessary. It remains, therefore, but to determine what punishment should be meted out to the parties for the imposition practiced. The defendant obtained a judgment upon the undertaking in the sum of $565.04. There is no doubt that additional expense has been entailed on the defendant in the other actions against him. Under the circumstances, however, I am inclined to the opinion that the proper punishment in this case is to impose a fine for the amount of the judgment, namely, $565.04, on the plaintiff, her attorney, and the two sureties together, and in default of the payment thereof within 20 days from the entry of the order herein, that they and each of them be imprisoned for a period of three months. As to William Ottman, Sr., in view of his explanations, and the failure to establish his knowledge, he should not be included in either fine or imprisonment. Ordered accordingly.